UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
BERNARD J. WELLS, JR.,                      :   CASE NO. 1:14-CV-1637
                                            :
        Plaintiff,                         :
                                            :
vs.                                         :   OPINION & ORDER
                                            :   [Resolving Doc. Nos. 3, 8, 9]
JUDGE EDWARD WADE, *et al.*,                :
                                            :
        Defendants.                        :

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    *Pro se* plaintiff Bernard J. Wells, Jr. filed this removed action against Judge Edward Wade, Cuyahoga County Prosecutors Francine Goldberg and Lisa R. Williamson, Judge John Russo, Cleveland Police Sargent James Haber and unnamed "Law Enforcement" and "Court Personnel" John and Jane Does. Plaintiff alleges the defendants conspired to violate his constitutional rights to due process and a fair trial in connection with criminal charges for felonious assault that were brought against him in 1995 and of which he was convicted in 1996. The plaintiff alleges the defendants acted jointly and in concert to fabricate evidence against him and falsely charge and convict him of the felonious assault charges. Plaintiff also asserts state law claims against the defendants for false arrest, false imprisonment, malicious prosecution, and civil conspiracy.

    Defendants Goldberg, Williamson, and Russo have filed a motion to dismiss the plaintiff's complaint pursuant Fed. R. Civ. P. 12(b)(6). (Doc. No. 3.) Defendant Wade has filed

a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).  (Doc. No. 9.)  The plaintiff filed a request for an extension of time to respond to defendants' submissions not sent to a new address (Doc. No. 8) but subsequently filed a response to the motion of defendants Goldberg, Williamson, and Russo.[1]

For the reasons stated below, the defendants' motions are granted and the plaintiff's complaint is dismissed against all of the defendants.

**Standard of Review**

A complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6) if it fails to state claim upon which relief can be granted.  All factual allegations in the complaint must be presumed true and all reasonable inferences drawn in favor of the non-moving party.  *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008).  To survive dismissal, a complaint "must present 'enough facts to state claim to relief that is plausible on its face.'"  *Id*., citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  Pleadings and documents filed by *pro se* litigants are to be "liberally construed,"and a "*pro se* complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, "the lenient treatment generally accorded *pro se* litigants has limits."  *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).  A *pro se* complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Barnett v. Luttrell*, 414 Fed. App'x 784, 786 (6th Cir. 2011).  The standard for evaluating a motion for judgment on the

---

[1] The plaintiff did not file a separate response to the motion of defendant Wade although the certificate of service on the motion states it was mailed to the address the plaintiff specified.

-2-

pleadings is the same as that for evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Cole v. EV Properties, L.P.*, No. 4: 12CV 1923, 2013 WL 1633649 (N.D. Ohio Apr. 16, 2013).

Further, a "district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999); *see Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (citing Supreme Court cases for the proposition that patently frivolous claims divest the district court of jurisdiction).

**Analysis**

The plaintiff purports to assert constitutional claims for damages against the defendants as governmental officials in his complaint. Such claims can only be brought under 42 U.S.C. § 1983. The plaintiff's allegations on their face, however, are insufficient to state a claim against the defendants under § 1983.

In *Heck v. Humphrey*, 512 U.S. 477, 486 (1994), the Supreme Court held that § 1983 actions, like civil tort actions, are not "appropriate vehicles for challenging the validity of outstanding criminal judgments . . . that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement." The Supreme Court therefore held that in order to protect against a collateral attack on pending or outstanding state convictions or sentences:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by action whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck*, 512 U.S. at 486. Until such time as a conviction is invalided, a cause of action for damages under § 1983 is not legally cognizable. *Ruff v. Runyon*, 258 F.3d 498, 501 (6th Cir. 2001), citing *Heck*, 512 U.S. at 486.

The Supreme Court instructed that when a plaintiff seeks damages in a § 1983 suit, the "district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487.

A judgment in favor of the plaintiff on his asserted claims against the defendants here "would necessarily imply the invalidity" of the plaintiff's state court conviction for felonious assault. Thus, under *Heck*, the plaintiff has no cognizable claim under § 1983 unless he can demonstrate his conviction has already been invalidated. The plaintiff has not alleged and cannot demonstrate that his conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus." Rather, his conviction was affirmed in state court, and he was denied post-conviction and federal habeas relief. See *State v. Wells*, No. 70534, 1997 WL 113749 (Ohio App. 8th Dist. Mar. 13, 1997); *Wells v. Tate*, No. 90753, 2009-Ohio-223, 2009 WL 147405 (Ohio App. 8th Dist. Jan. 22, 2009); *Wells v. Tate*, Case No. 1:00 CV 206 (N.D. Ohio Mar. 26, 2001). Accordingly, the plaintiff has no cognizable constitutional claim against any defendant under § 1983.

Even if *Heck* did not preclude the plaintiff's constitutional claims against the defendants, all of the plaintiff's claims (his claims under § 1983 *and* his state-law claims) are barred by the

statute of limitations.  The statute of limitations for claims arising under § 1983 is the two-year statute stated in Ohio Revised Code § 2305.10.  *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 19)89).  The statute beings to run when a plaintiff has reason to know of his injury or should have discovered it with reasonable diligence.  *Ruff*, 258 F.3d 498.  The plaintiff's state-law claims are governed by a one-year statute of limitations.  *See Lee v. Lucas*, No. 1: 10 CV 151, 2011 WL 5361509 (N.D. Ohio Oct. 31, 2011).

Plaintiff alleges he was falsely charged, imprisoned, and convicted in 1995 and 1996.  He alleges the facts surrounding his case came "to light" as he began serving his prison sentence and that he "sought relief from the court from the manifest injustice that occurred in his legal proceedings."  Even accepting the plaintiff's allegations as true, he filed this action on June 23, 2013, well over two years after he was aware of the facts underlying his claims and he began instituting multiple legal proceedings to have his conviction overturned.  Accordingly, all of the plaintiff's claims are untimely and barred by the applicable one and two-year statute of limitations.

**Conclusion**

For all of the reasons stated above, the plaintiff's complaint fails to state a plausible claim for relief against any defendant in the case.  Accordingly, the defendants' motions to dismiss and for judgment on the pleadings are granted, and this action is dismissed against the moving defendants for failure to state claim upon which relief may be granted.  Although defendant Haber did not separately move to dismiss the complaint as against him, the complaint is entirely devoid of merit as against defendant Haber for the same reasons it fails to state a cognizable claim against the other defendants.  Accordingly, the plaintiff's complaint is

dismissed against defendant Haber for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Plaintiff's motion for an extension of time is denied as he responded to and/or was afforded an opportunity to respond to the defendants' motions.

    IT IS SO ORDERED.


Dated: October 21, 2014                  *s/       James S. Gwin*
                                                       JAMES S. GWIN
                                                       UNITED STATES DISTRICT JUDGE